UNITED STATES DISTRICT COURT        SOUTHERN DISTRICT OF TEXAS
United States District Court
Southern District of Texas
**ENTERED**
February 21, 2019
David J. Bradley, Clerk

Larissa Montgomery, §
§
     Plaintiff, §
§
versus §           Civil Action H-19-26
§
Keondria Porter, §
§
     Defendant. §

## Opinion on Summary Judgment

1.     *Introduction.*

Larissa Montgomery has sued Keondria Porter as a result of a 2016 car wreck. She filed her lawsuit in state court one-month and eleven days before the statute of limitations expired. It took her nearly two more months to serve Porter. Because Montgomery did not use diligence in serving Porter, her case will be dismissed.

2.     *Background.*

On November 21, 2016, Porter was in a car accident. Montgomery was in Porter's car and she was taken to the emergency room. She was discharged, and later complained of pain in her back and neck, and went to a chiropractor for treatment.

On October 10, 2018, Montgomery sued Porter. A citation was issued on October 16, 2018, and she picked it up on October 19, 2018. She did not send it to the process server until November 29, 2018. The process server served Porter on December 4, 2018.

3.     *Limitations.*

In Texas, a two year statute of limitations governs personal injury. The filing of the lawsuit alone is insufficient to toll the limitations period; the plaintiff must properly serve the defendant.[1] If a lawsuit is timely filed, but the defendant is not served

---

[1] *See Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 830 (Tex. 1990).

until after the limitations period, the plaintiff must show that diligence was used in serving the other party.[2] If the limitations period expired before the defendant was served, and if the plaintiff cannot show that she used diligence in attempting to serve the defendant, then the date of service will not relate back to the date of filing the lawsuit.[3]

Because the accident happened on November 21, 2016, Montgomery was required to sue Porter by November 21, 2018. She filed her lawsuit on October 10, 2018. Nine days after filing suit, Montgomery requested, received, and picked up the citation. This gave her a month and two days to serve Porter before the limitations period expired. She did not. She did not even give the summons to the process server within this time – the process server was given the summons on November 29, 2018, eight days after limitations passed. The process server served the summons on Porter five days later – exactly two-weeks after limitations had expired.

Porter was served fifty-five days after the lawsuit was filed. Montgomery lacked diligence.

4. *Conclusion.*

It took Montgomery fifty-five days between filing her lawsuit and serving Porter. Because the two year limitations period expired between these two dates, Montgomery must show that she acted diligently in serving Porter. Montgomery has not shown this. It took her forty days to pick up the summons and give it to the process server.

Montgomery has failed to explain why it was reasonable for her to serve Porter fifty-five days after filing her lawsuit and two-weeks after the statute of limitations expired. Because of Montgomery's lack of diligence, her case will be dismissed.

Signed on February 21, 2019, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[2] *See Budget Rent A Car Sys., LLC v. Valadez*, 558 S.W.3d 304, 306–07 (Tex. App. 2018).

[3] *See id.*